COLE, Judge.
This is an appeal from a summary judgment. Plaintiff Charles Young filed suit against E & L Lumber Company, its automobile fleet insurer, Southern County Mutual Insurance Company, and its general liability insurer, Houston General Insurance Company. Plaintiff sought damages for personal injuries received while supervising the unloading of a lumber truck owned by E & L. E & L and Southern County filed a third party demand against Houston General. Houston General moved for a summary judgment based on exclusionary language in its policy which denied coverage for injuries arising out of the loading or unloading of the insured vehicle. The' trial court granted the motion, finding the affidavit, pleadings and deposition showed there was no genuine issue of material fact as to plaintiff’s involvement in the unloading of the vehicle. Defendants E & L and Southern County have appealed. We reverse.
Plaintiff Charles Young was employed as a laborer by Ashy-Hutchinson Enterprise. Ashy had been hired to construct a board road servicing an oil well site. The particular circumstances surrounding the accident are pertinent in determining if there is any issue of fact.
On October 4, 1977 two trucks owned by E & L were driven to the drilling site to be unloaded by employees of Ashy-Hutchinson. The trucks each contained ten bundles of eighty, 18 feet long, 3" X 8" planks. The bundles were bound by a single metal band. The unloading was accomplished by using a mechanical winch mounted on a truck owned by Ashy. Plaintiff was supervising the unloading process. The Ashy truck backed up to the E & L truck, a cable was looped around a bundle of lumber, and the Ashy truck was maneuvered so that the bundle was removed from the truck and laid to rest on the ground. The next three bundles were stacked “piggy back” style so that half of the bundle rested on the ground and half rested on the bundle previously removed. The fifth bundle was not stacked in this manner but was placed so it leaned against the first bundle. As the fifth bundle made contact with the first bundle, the band of the first bundle came apart. The loose lumber in the first bundle, and the entire fifth bundle, struck plaintiff’s legs and caused injury.
Appellants urge three grounds for reversing the summary judgment. The first is that there is an issue of fact as to whether or not the sole basis for liability is an occurrence that arose out of the loading or unloading of the insured vehicle. The language of the Houston General policy is as follows:
“(b) The general liability coverage does not apply:
To bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of
(1) any automobile or aircraft owned or operated by or rented or loaned to any insured or
(2) any other automobile or aircraft operated by any person in the course of his employment by any insured.... ”
The definition of automobile includes a land motor vehicle, trailer or semitrailer designed for travel on public roads, so that the truck being unloaded did qualify as an insured automobile.
Appellants urge that it is possible the injury was caused by the negligence of the E & L employees in binding the lumber into bundles. They argue this activity has nothing to do with the unloading of the truck so the exclusionary clause does not apply. We agree with this contention. Granted, the injury that occurred could have been caused by several factors. Among them are the negligence of the employee operating the winch, the negligence of the plaintiff in giving instruction, the negligence of the employees who initially loaded the lumber into the truck, or the negligence of the workers who bound the lumber into bundles. Negligence as regards the binding of the lumber into bundles does not in any way relate to injury arising out of the operation, use, loading or unloading of the vehicle. The language of the exclusion only negates coverage for in *138 jury arising out of the loading or unloading of an automobile. However, if the cause of the injury in this case is a faulty strap, the accident arose out of faulty binding, not out of loading or unloading. The exclusion thus would not apply.
The term “arising out of” has apparently not been defined in the precise context of this case. In other contexts it has been defined. For example, in workmen’s compensation cases, it has been said the phrase “suggests an inquiry into the character or origin of the risk.” Gorings v. Edwards, 222 So.2d 530 (La.App. 4th Cir. 1969). Also, in Louisiana Insurance Guaranty Ass’n v. Guglielmo, 276 So.2d 720 (La.App. 1st Cir. 1973), we said:
“We likewise find the phrase ‘arises out of’, as used in the definition of covered claims in this instance, relates not to verb tense or the time the claim arises, but rather to the source and nature of the claim.”
Here, we do not think the time of the accident is dispositive. The phrase “arising out of” as used in the policy exclusion, should not be given a temporal connotation as it is the cause of the accident that is determinative.
We find it unnecessary to discuss the other grounds for reversal urged by appellants as there exists a genuine issue of material fact, i. e., whether the accident and resulting injury was caused by the negligence of E & L employees in binding the lumber into bundles.
For the foregoing reasons, the judgment of the trial court is reversed. Appellee is to pay all costs.
REVERSED.