|CARAWAY, J.,
dissenting.
The majority has chosen to address the merits of a difficult insurance coverage dispute in a partial summary judgment context which will not terminate the litigation between these parties. From this poor appellate posture after which the suit may ultimately end in a ruling of no liability with this opinion merely advisory, the rationale of the majority’s ruling unnecessarily disturbs a long line of supreme court precedents. I would therefore reverse because of the improper partial appeal under La. C.C.P. art.1915 and because the majority’s literal analysis for the policy interpretation issue has been rejected in this context in the past by our supreme court.
This partial summary judgment eliminating one basis of liability against Liberty Mutual Insurance Company will not terminate the litigation. Liberty Mutual also insured Moore’s vehicle. Thus, despite Liberty Mutual’s concession of coverage under the “loading” coverage clause of the automobile policy, the extent of coverage under both policies presents a common issue of interpretation. To prevent inconsistent rulings from piecemeal appeals, this partial judgment should not be considered on appeal at this time. Moreover, since the plaintiffs may never prevail on the primary issue of liability in this case, the present decision may be rendered moot. See, Berman v. DeChazal, 98-81 (La.App. 5th Cir.5/27/98), 717 So.2d 658. Finally, as expressed by this court in Banks v. State Farm Insurance Company, 30,868 (La.App.2d Cir.3/5/98), 708 So.2d 523, 525, the certification of partial judgments for review should not be granted as a courtesy or accommodation to counsel when judicial administration interests are impinged.
As to the merits, the majority ignores a long line of supreme court rulings and other cases which have arisen since the ruling in LeJeune v. Allstate Insurance Co., 365 So.2d 471 (La.1978). See, Shelby McKenzie, Insurance Law, 44 La.L.Rev. 365, 368 (1983) and Edwards v. Horstman, 96-1403 (La.2/25/97), 687 So.2d 1007. Those cases have interpreted the exclusion in general comprehensive liability policies for “bodily injury arising out of the ownership, operation, or use, loading or unloading, of land motor vehicles.” LeJeune, 365 So.2d at 478. Significantly, the supreme court in LeJeune did not find the term “use” to be ambiguous. Use means use like loading means loading. The focus of the court centered more upon the phrase “arising out of.” The possibility to construe that phrase broadly or narrowly[1] presented the court with a type of ambiguity which, under the general rule of strict construction for insurance policy exclusions, mandated that the more narrow construction-in favor of coverage should apply. Justice Tate concluded that despite the accident’s occurrence during the time of the “use” of the vehicle, “[t]he damage to the injured victim arose out of the deputy’s breach of his law enforcement duties, not *911 from the deputy’s use of his automobile.” Id. at 479.
Using the same rationale, although Le-Jeune was not cited, the court of appeal in Young v. E. & L. Lumber Co., Inc., 392 So.2d 136 (La.App. 1st Cir.1980) reversed a summary judgment involving supervision of a truck loading accident. Although the court found the existence of a genuine issue of material fact, the court articulated the analysis of the “loading” exclusion clause as follows:
“Here, we do not think the time of the accident is dispositive. The phrase ‘arising out of as used in the policy exclusion, would not be given a temporal connotation as it is the cause of the accident' that is determinative.”
Id. p. 138.
Under the presented facts, which upon a trial of the merits could yet be weighed differently depending upon a fact finder’s consideration of the facts, |aMoore was not in the trailer loading his horse at the time of the accident. Therefore, he may only be liable because of his ownership and custody of the young horse. La. C.C. art. 2321. The specific duty allegedly breached by the insured exists independently of the motor vehicle and the loading of a trader.
I respectfully dissent.
Before NORRIS, STEWART, CARAWAY, PEATROSS, and DREW, JJ.

. A broad interpretation would construe the phrase from a temporal standpoint so that any time the vehicle is in use a liability incident would arise out of use and be excluded from coverage. A narrow interpretation would view the phrase from the consideration of causation requiring that that damages be directly caused by the use of the vehicle.