SCHOTT, Judge.
We grant certiorari in order to examine the validity of two judgments of the trial court. In the first rendered October 16, 1980, the trial court overruled dilatory and peremptory exceptions filed by the City of New Orleans, and in the second rendered on November 4, 1980, the trial court made subpoenas duces tecum issued to Ernest Jones and David Dennis returnable on or before November 14, 1980, and issued a temporary restraining order against David Dennis from disposing of or otherwise processing funds in his possession previously paid to him in satisfaction of a judgment against the City of New Orleans and ordering him to deposit such sums in the registry of the court. For a complete understanding of the problem before us, a summary of the procedural steps is in order.
In Cheatham v. City of New Orleans, 378 So.2d 369 (La.1979) Mrs. Sheryl Cheatham obtained a judgment against the City of New Orleans and others for $619,000. This judgment became final when the court denied rehearing on January 11, 1980.
On March 21,1980, Luke Fontana, who is the respondent to these writ applications, filed a petition to intervene in suit No. 592-798 of the Civil District Court for the Parish of Orleans which was the original suit ultimately decided by the Supreme Court on January 11. In his petition respondent alleged that he had been employed by Mrs. Cheatham along with the firm of Cotton, Jones & Dennis to handle her claim against the City, with the understanding that he was to receive half of the attorney fees earned therein. He prayed simply for leave to file his petition of intervention along with a copy of the contract between Mrs. Cheatham, as client, and Cotton, Jones & Dennis and the respondent as attorneys and an affidavit in which respondent recited he was filing the contract pursuant to LSA R.S. 37:218.
In June, 1980, respondent filed a rule against the City of New Orleans to show cause why satisfaction of the judgment in this ease should not be made pursuant to *1326 the contract which he previously filed in these proceedings and also pursuant to R.S. 37:218.
The City of New Orleans responded with the dilatory exception of improper use of summary proceedings and peremptory exceptions of no cause or right of action based on respondent’s failure to file his intervention while the suit between the original parties was pending and before judgment became final.
On October 16,1980, the trial judge overruled these exceptions, dismissed a motion to quash the deposition of David Dennis and rescheduled that deposition for October 27, 1980.
On October 22, 1980, respondent caused a subpoena duces tecum to be issued to David Dennis ordering him to produce in the trial court on October 31, 1980, various contracts relative to the dispute over the fee as well as records of disbursements made to Sheryl Cheatham, his law firm and Mack Barham.
On November 4, 1980, the trial judge made the subpoenas duces tecum against Ernest Jones and David Dennis returnable on November 14, 1980 and issued the temporary restraining order with respect to funds in the hands of David Dennis.
On November 3 the City of New Orleans filed an application in this court for supervisory writs seeking a reversal of the judgment of October 16 overruling its exceptions.
On November 13 David Dennis and Ernest Jones filed an application in this court for supervisory writs seeking to set aside the trial court’s judgment of November 4 on the primary ground that the judgment overruling the City’s exceptions was erroneous and with the reversal of that judgment the judgment of November 4, which necessarily presupposed a valid pending suit would likewise fall.
In its application the City devoted a great deal of attention to attacking respondent’s petition for intervention filed in March, 1980. It is quite obvious that this “intervention” was a misnomer employed by respondent considering the provisions of LSA C.C.P. Arts. 1091 through 1094 with respect to intervention and considering that there was no suit pending in the trial court into which an intervention could be filed. However, regardless of the caption respondent put on his pleadings, his intention was to file the copy of his contract with Mrs. Cheatham and Dennis and Jones with the clerk of court and thereby comply with R.S. 37:218. In his rule to show cause respondent referred specifically to this filing of his contract and obtained an order against the City to show cause why the judgment should not be satisfied pursuant to his contract and the statute. Respondent claims entitlement to the use of summary proceedings on the theory that he is simply attempting to obtain a satisfaction of the judgment in which he has an interest. He asserts, in effect, that the City’s payment of the entire judgment to Mrs. Cheatham and Jones and/or Dennis in the face of the contract which he filed before payment was made, did not constitute satisfaction of the judgment since he did not receive any of the proceeds. Thus, his argument is based on two propositions, 1) he obtained an interest in the judgment by complying with R.S. 37:218, and 2) as a party holding an interest in the judgment which interest was not satisfied by the payment he is entitled to proceed by summary proceedings to obtain a satisfaction of his interest in that judgment.
By its own terms and by the court’s interpretation of R.S. 37:218 in Calk v. Highland Const. & Mfg., 376 So.2d 495 (La.1979) the statute is inapplicable. It provides protection to the attorney who is handling a pending suit against loss of his fee if the suit is settled between the adverse party and his client. The applicable statute in this case is R.S. 9:5001 which grants a privilege to attorneys to secure fees on judgments obtained by them.
In the instant case, the judgment in Mrs. Cheatham’s favor has been satisfied and the question to be resolved is whether the city has any liability to respondent for satisfying that judgment and ignoring respondent’s assertions that he was entitled to *1327 share in that judgment. The other question is the contractual dispute between respondent and Jones and Dennis. However, these are new causes of action which are not simply ancillary to the now final and completed case of Cheatham v. City of New Orleans.
Under LSA C.C.P. Art. 2592 summary proceedings may only be used in certain instances. The assertion of a claim for a money judgment by respondent against the City of New Orleans is not among those uses which are listed. We have concluded that the City is entitled to ordinary process and the dilatory exception of improper use of summary proceedings was erroneously overruled by the trial court. His judgment in this connection will be reversed. Because of this action taken on the dilatory exception it is unnecessary for us to address the exceptions of no right or cause of action but since our judgment will dismiss the proceedings filed by respondent against the City the judgment of November 4, 1980, with respect to subpoenas and the restraining order must necessarily be annulled.
The judgment of October 16, 1980, overruling the dilatory exception of improper use of summary proceedings filed by the City of New Orleans is reversed and set aside and there is judgment in favor of the City, maintaining its exception of improper use of summary proceedings and dismissing the claim of the respondent, Luke Fontana.
The judgment of November 4, 1980, is annulled and set aside. The stay order we issued on November 14, 1980, is recalled as moot.
All costs of these proceedings are taxed against respondent Luke Fontana.
WRITS PEREMPTORY REVERSED AND ANNULLED.
SAMUEL, J., concurs with written reasons.