MOTION TO DISMISS
FORET, Judge.
The third-party plaintiff and appellee, Duke Transportation, moved to dismiss the suspensive appeal of third-party defendant and appellant, Mission National Insurance Company (Mission) on the grounds that the judgment appealed from is a non-appeal-able, interlocutory judgment. La.C.C.P. art. 2083.
A suit for damages was brought against Duke by Dodrell Mitchell Radar. Duke then filed a third-party demand against Mission, Duke’s umbrella insurance carrier. Duke prayed that since Northwest-Insurance Company, who had provided Duke’s underlying coverage, was insolvent, Mission had to provide a defense for the claim by Radar. Mission was ordered to show cause on April 12, 1985, why it would not provide a defense for Duke with respect to the liabilities asserted by Radar. Mission filed an exception of improper use of a summary proceeding and claimed that it had no obligation to provide a defense. After oral arguments the Court took the matter under advisement. On May 28, 1985, in a minute entry the Court denied the exception of improper use of a summary proceeding and stated that Mission’s policy was ambiguous, interpreted it in favor of the insured, and, thus, found that Mission had an obligation to provide a defense. The Court further stated that Mission had to reimburse Duke for all expenses, attorney’s fees and costs incurred.[1] The judgment on the rule was signed on June 24, 1985. Notice of judgment was sent on June 26, 1985. On July 30, 1985, Mission filed a motion for an appeal. Duke now seeks to dismiss the appeal on the grounds that the judgment from which the appeal is sought is an interlocutory judgment that will not cause irreparable harm.
An appeal may be taken only from a final judgment or from an interlocutory judgment which may cause irreparable injury. La.CCP Article 2083. La.CCP Article 1841 provides:
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.
In the case before us it appears that the judgment was final. In Wilkinson v. State Farm Mutual Auto Ins. Co., 378 So.2d 167 (La.App. 1 Cir.1979), a judgment prohibiting plaintiffs from “stacking” uninsured *325 motorist coverage was found to be an interlocutory judgment, since it involved one issue, incidental to the questions of liability and quantum, and would be effective only if the defendant was liable as an uninsured motorist. Unlike the situation in Wilkinson, where there were other issues to be decided between the parties, in the case at hand the judgment resolved the only issue between Duke and Mission, Mission’s duty to defend. The trial judge addressed the merits of the third-party demand and decided the only issue between Duke and Mission. It, thus, appears that the judgment was final as to the parties and appealable.
For the foregoing reasons, the motion to dismiss the appeal is denied.

. It should be noted that the awarding of attorney’s fees on a rule to show cause may not be appropriate. Attorney’s fees can be recovered only if authorized by statute or provided for by contract. General Motors Acceptance Corporation v. Meyers, 385 So.2d 245 (La.1980); Evans v. Century Ready Mix Corp., 446 So.2d 860 (La.App. 2 Cir.1984). There is no statute providing for attorney fees in a summary proceeding. A summary proceeding by rule to show cause cannot be used to fix and recover attorney's fees; "ordinary process” should be used for that purpose. In Re Lomm, 195 So.2d 416 (La.App. 4 Cir.1967), writ denied, 197 So.2d 81 (La.1967), Cheatham v. City of New Orleans, 391 So.2d 1324 (La.App. 4 Cir.1980).