I aCARTER, C.J.
This case is on appeal pursuant to the trial court’s certification of a partial summary judgment as final under LSA-C.C.P. art. 1915. Finding that the trial court erred in certifying the partial summary judgment as a final judgment, we conclude this court lacks subject matter jurisdiction, dismiss the appeal and remand for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
This lawsuit arose out of personal injuries sustained by plaintiff, Alga Miller, on August 11,1998, in an accident at Superior Shipyard and Fabrications, Inc. (Superi- or).[2] The accident occurred when one of Superior’s contract welders, Chris Guidry (Guidry), backed over plaintiff, a pedestrian on Superior’s premises, while operating *695 his welding truck, in Ml view of another contract welder, Ulysses Hunter (Hunter), who allegedly could have prevented the accident.
Plaintiff brought suit on October 2,1998, against Superior, Guidry, Hunter, and Gui-dry’s insurer. The petition was supplemented and amended numerous times naming various other insurers, as well as Superior’s general commercial liability insurer, Lexington Insurance Company (Lexington), and T.T.C. Illinois, Inc. (T.T.C.), as defendants. Superior had a contract with T.T.C. wherein T.T.C. agreed to provide payroll services and other administrative functions for Superior. Superior was required by the contract to provide liability insurance and name T.T.C. as an additional insured.
Plaintiff alleged that T.T.C. was vicariously liable under the doctrine of respon-deat superior for the alleged negligence of Superior and the contract welders, Guidry and Hunter. T.T.C. denied all liability and filed a cross-claim against Superior and Lexington for its defense, attorney fees, costs and expenses pursuant to its agreement with Superior. Lexington denied coverage for T.T.C. under its policy.
T.T.C. filed a motion for partial summary judgment against Lexington, asking the trial court to grant “additional insured” status to T.T.C. under an endorsement to the Lexington policy and an interpretation of the contract between T.T.C. and Superior, Rthereby requiring Lexington to provide T.T.C. with a defense and reimburse attorney fees and expenses. On August 16, 2001, the trial court granted T.T.C.’s motion for partial summary judgment and ordered that “after finding that there is no just reason for delay, the court designates this Judgment as a final, ap-pealable judgment pursuant to Louisiana Code of Civil Procedure Article 1915.”[3] Lexington appealed, arguing that the trial court improperly granted the summary judgment.
APPELLATE JURISDICTION
It is the duty of appellate courts to examine subject matter jurisdiction sua sponte when the parties do not raise the issue. McGehee v. City/Parish of East Baton Rouge, 2000-1058, p. 8 (La.App. 1 Cir. 9/12/01), 809 So.2d 258, 260. An appeal lies only from a final judgment of the trial court. LSA-C.C.P. arts. 1911 and 2083. A judgment that determines the merits in whole or in part is a final judgment. LSA-C.C.P. art. 1841. Whether a partial final judgment is appealable is determined by examining the requirements of LSA-C.C.P. art. 1915. At the outset, we note that because the instant suit was filed before January 1, 2000, the 1997 version of LSA-C.C.P. art. 1915 is applicable to this case. See Belanger v. Gabriel Chemicals, Inc., 2000-0747, p. 6 (La.App. 1 Cir. 5/23/01), 787 So.2d 559, 564 n. 4, writ denied, 2001-2289 (La.11/16/01), 802 So.2d 612.[4]
*696 We find this judgment is a non-appeal-able partial summary judgment. The trial court’s granting of summary judgment in favor of T.T.C. on the issue of “additional insured” status is only a partial adjudication of Lexington’s potential liability in this matter. LSA-C.C.P. art. 1915, as it existed at the time this suit was filed, provided that a summary judgment granted on the issue of liability alone is a partial judgment that is final and appealable. However, that provision envisioned a summary judgment that | ^completely adjudicated liability, with the issue of damages left to be decided by the trial court. See former LSA-C.C.P. art. 1915(A)(3) and (B).
In the matter before us, there are still many issues of liability to be decided by the trial court, even as to Lexington against whom the partial summary judgment was rendered. The trial court judgment ordered that T.T.C. was entitled to “additional insured” status under the Lexington policy, and therefore, Lexington was obligated to provide a defense and reimburse attorney fees to T.T.C. A judgment finding the availability of insurance coverage under a policy does not determine liability. The issue of insurance coverage is incidental to the issues of liability and quantum. See Med-Trans, Inc. v. Rockwood Ins. Co., Inc., 509 So.2d 602, 604 (La.App. 3 Cir.1987); Wilkinson v. State Farm Mutual Automobile Ins. Co., 378 So.2d 167, 168 (La.App. 1 Cir.1979).[5] This judgment does not grant relief, and it does not resolve the litigation as to any party. No issues of liability or the merits of any claim were decided as to any party, even as to Lexington.
A summary judgment as to fewer than all the claims or parties shall not constitute a final judgment for purposes of immediate appeal unless specifically designated as final by the trial court or unless specifically agreed to by the parties. See LSA-C.C.P. art. 1915(B) (prior to amendment by Acts 1999, No. 1263); see also LSA-C.C.P. arts. 1915(A)(3) and 966(E); Lee v. Grimmer, 99-2196, p. 2, n.4 (La.App. 1 Cir. 12/22/00), 775 So.2d 1223, 1224. The judgment rendered must be sufficiently final in that it disposes of the claim or dispute in regard to which the judgment was entered. In determining whether a partial judgment is final for the purposes of an immediate appeal, a court must always keep in mind the historic policies against piecemeal appeals. Doyle v. Mitsubishi Motor Sales of America, Inc., 99-0459, 99-0460, p. 10 (La.App. 1 Cir. 3/31/00), 764 So.2d 1041, 1047, writ denied, 2000-1265 (La.6/16/00), 765 So.2d 338.
The record does not contain any specific agreement by the parties as to the finality of the partial summary judgment. There is an express designation by the trial | fiCourt that the judgment is final for purposes of appeal; however, the judgment still may be non-appealable even though there is a finality certification. See Flatland Real Estate Company, LLC v. Dugas Construction, Inc., 2000-1794, p. 2 (La.App. 3 Cir. 5/9/01), 784 So.2d 867, 869; Van ex rel. White v. Davis, 2000-0206, p. 8 (La.App. 1 Cir. 2/16/01), 808 So.2d 478, 485. Furthermore, this court is not bound by the trial court’s certification. We must review the propriety of the finality certification de novo. See Van ex rel. White v. Davis, 808 So.2d at 484.
After a thorough review, we have determined that the trial court improperly certified the partial summary judgment as ap- *697 pealable, because the judgment does not terminate the suit as to any party and the same parties will continue to litigate the remaining issues regarding liability and damages. Some of the issues surrounding T.T.C.’s and Superior’s liability and the scope of Lexington’s insurance coverage may have to be reviewed again in a subsequent appeal, resulting in piecemeal litigation.
Due to our resolution of this jurisdictional issue, we do .not reach the issues raised by Lexington addressing whether the trial court properly granted the partial summary judgment.[6] Because the partial judgment is not a final one, it may be revised at any time prior to rendition of a judgment adjudicating the remaining issues in the case. LSA-C.C.P. art. 1915(B)(2); Van ex rel. White v. Davis, 808 So.2d at 485; Doyle v. Mitsubishi Motor Sales of America, Inc., 764 So.2d at 1047.
CONCLUSION
This court lacks jurisdiction to review the partial summary judgment granted in favor of T.T.C. Illinois, Inc. because it is not a final judgment subject to immediate appeal under LSA-C.C.P. art. 1915. Accordingly, we hereby dismiss this appeal and remand for further proceedings. See LSA-C.C.P. arts. 2162 and 2164. Costs of this appeal are assessed against appellant, Lexington Insurance Company.
APPEAL DISMISSED; REMANDED FOR FURTHER PROCEEDINGS.

. Plaintiff died subsequent to the filing of suit and his adult children were substituted as parties.

. Several motions for summary judgment by several different parties came on for hearing on August 16, 2001. The trial court signed the partial summary judgment at issue on September 10, 2001.

. In Shell Pipeline Corp. v. Kennedy, 2000-3207, p. 5 (La. 10/16/01), 799 So.2d 475, 478, the supreme court determined that the pre-2000 language of LSA-C.C.P. art. 1915 is ambiguous with regard to the availability of appeal in cases involving partial summary judgments dismissing less than all the parties. However, we conclude that the rationale behind maintaining the appeal in that case is inapplicable in this instance because this case involves a partial summary judgment that was designated as a final judgment in an apparent attempt to comply with the amended version of LSA-C.C.P. art. 1915, and no parties were dismissed by the judgment.

. If this partial summary judgment had only involved Lexington’s duty to defend, our result may have been different. Cf. Radar v. Duke Transportation, Inc., 484 So.2d 323, 325 (La.App. 3 Cir. 1986).

. We further decline to exercise our supervisory jurisdiction to review this partial summary judgment by treating Lexington's appeal as an application for supervisory writs, as the ruling at issue does not meet the criteria of Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981). See Dixon v. B.W. Farrell, Inc., 97-2586, pp. 4-5 (La.App. 1 Cir. 6/29/98), 713 So.2d 1255, 1257, writ not considered, 98-2081 (La.11/6/98), 726 So.2d 918.