715 So.2d 771 (1998)
Lonnie D. CARROLL and Regina Carroll, et al., Plaintiffs-Appellants,
v.
STATE FARM FIRE AND CASUALTY, Defendants-Appellees, et al.
No. 31652-CA.
Court of Appeal of Louisiana, Second Circuit.
August 6, 1998.
*772 Dollar, Laird & Scott by John T. Scott, West Monroe, for Plaintiffs-Appellants.
Davenport, Files & Kelly by Carey B. Underwood, Monroe, for Defendants-Appellees Providence Washington Insurance Co. and Chicago Mill and Lumber Company.
Hailey, McNamara, Hall, Larmann & Papale by W. Marvin Hall, Metairie, for State Farm Fire & Casualty Co. and Benny Roberson.
Neblett, Beard & Arsenault by David O. Walker, Alexandria, Intervenor.
Guglielmo, Lopez, Tuttle, Hunter & Jarrell by Doug Hunter, Opelousas, for Louisiana Employers Safety AssociationSIF.
Before MARVIN, C.J., and GASKINS and CARAWAY, JJ.
PER CURIAM.
In this action for personal injury damages, plaintiffs appeal a summary judgment in favor of two of the four co-defendants. Plaintiff Lonnie D. Carroll alleges an injury while moving a piano owned by defendant Chicago Mill & Lumber Company that was in the custody of defendant Benny Roberson. The summary judgment dismisses plaintiffs' demands against Chicago Mill and its liability insurer. An earlier motion for summary judgment by Roberson and his insurer had been denied by the trial court.
A summary judgment dismissing one or more of several co-defendants in an action appears to be a partial final judgment subject to La. C.C.P. art. 1915. Unless designated by the trial court as a final judgment after an express determination that there is no just reason for delay, such a partial judgment does not constitute a final judgment for the purpose of an immediate appeal. La. C.C.P. art. 1915(B); Banks v. State Farm Ins. Co., 30,868 (La.App.2d Cir.3/5/98), 708 So.2d 523. However, if all remaining litigation has been concluded by rendition of subsequent judgment(s) adjudicating all the claims of all the parties, then the designation-certification of a partial judgment as required by art.1915 is not necessary.
Prior to the enactment of Act 483 of 1997 amending La. C.C.P. art.1915, the trial court's dismissal of less than all the defendants was a final partial judgment subject to immediate appeal. Though the new legislation did not alter the initial language of paragraph A of Article 1915 and subsection (1), the inclusion of paragraph B by the 1997 amendment changes the prior law regarding designation-certification for this dismissal of one or more but less than all of the parties. Cf., Fed. Rule 54(b); compare Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576 (1st Cir.1994); and Hogan v. Consolidated Rail Corp., 961 F.2d 1021 (2d Cir.1992).
*773 We therefore order the parties to show cause within the delay ordered by this court why this appeal should not be dismissed as having been taken from an uncertified partial adjudication. If all the claims of all the parties have not yet been adjudicated, then one or more of the parties must request the trial court to make an express determination, with written reasons, of whether there is no just reason for delay for an immediate appeal, and then must cause the clerk of the trial court to file certified copies of the court's ruling and written reasons, in duplicate, with the clerk of this court within 15 days of the date of this order. In the event certification is unnecessary, the parties shall provide written reasons to this court, in duplicate, within the ordered delay, August 20, 1998, and shall cause the clerk of the trial court to file duplicate certified copies of any subsequent judgment(s), with the clerk of this court.