| ^GOTHARD, Judge.
Plaintiff filed this action for damages for injuries she sustained when she tripped on a curb at the New Orleans International Airport as she exited a tour bus. She named many defendants including the City of New Orleans and the New Orleans Aviation Board (City/Board), USA Hosts, Ltd., (USA Hosts) and Maritz Travel Company (Maritz). All of the above named defendants filed Motions for Summary Judgment. The trial court rendered a judgment granting the motion of the City/ Board, dismissing the suit as to these defendants, but denying the motion of USA Hosts and Maritz. Plaintiff appeals that portion of the judgment which grants the summary judgment as to the City/Board. Because we find this to be a non-appeal-able judgment, we dismiss the appeal for lack of jurisdiction.
13At issue is the 1997 amendment to LSA-C.C.P. article 1915 in which the legislature added section B which provides:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or the parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
The judgment appealed in the instant matter is a grant of a summary judgment which dismisses one of many co-defendants and is therefore not immediately appeal-able unless agreed to by the parties or so designated by the court. See, Carroll v. State Farm Fire and Casualty, 31,652 (La. App. 2 Cir. 8/6/98), 715 So.2d 771. In this matter the record contains neither. Consequently, we have no jurisdiction to hear this appeal. Berman v. DeChazal, 98-81 (La.App. 5 Cir. 5/27/98), 717 So.2d 658. Accordingly, the appeal is dismissed.
APPEAL DISMISSED.