712 So.2d 996 (1998)
Sylvia LANDRY
v.
Richard P. TORREGANO.
No. 98-CA-3.
Court of Appeal of Louisiana, Fifth Circuit.
May 13, 1998.
*997 Kenneth A. Goodwin, New Orleans, for Plaintiff/Appellee.
C. Lee Drake, Hannan, Drake & Giusti, Metairie, for Defendant/Appellant.
Before GAUDIN, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
Appellant, Richard P. Torregano, appeals the trial court's granting of two motions for partial summary judgments in favor of appellee, Sylvia Landry. Appellant also appeals the denial of his motion for summary judgment. For the reasons which follow, we dismiss the appeal.
The trial court rendered the ruling regarding the motions following a hearing held on July 1, 1997, and the court signed a judgment in accordance with the ruling on July 16, 1997. Subsequently, the trial court signed an order of appeal granting appellant a devolutive appeal.
LSA-C.C.P. art.2083 provides that an appeal may be taken from a final judgment. As to whether the trial court's granting of the motions for partial summary judgment constitutes a final judgment, we must examine the recent amendment to LSA-C.C.P. art.1915. Article 1915 was amended by Act No. 483, § 2 of the Regular Session of 1997, and the amendment became effective on July 1, 1997. The amended version of the article provides, in pertinent part, as follows:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
In the instant case the record contains no specific agreement by the parties as to finality of the partial summary judgment, nor any express determination by the trial court that there is no just reason for delay and designating the judgments as final. Therefore, the judgment is not a final appealable judgment.
Additionally, regarding the denial of appellant's motion for summary judgment, we note that such a judgment is interlocutory in nature. LSAC.C.P. art. 1841; Powell v. Liberty Lloyds Ins. Co., 589 So.2d 593 (La. App. 5 Cir.1991). LSA-C.C.P. art.2083 provides that an appeal may be taken from an interlocutory judgment which may cause irreparable injury; however, there has been no showing of irreparable injury.
Accordingly, the appeal is hereby dismissed.
APPEAL DISMISSED.