JiNESTOR L. CURRAULT, Jr., Judge Pro Tem.
Plaintiffs Joann P. Chaisson and the Times-Picayune Publishing Corporation (hereinafter “T-P”) appeal a judgment granting summary judgment in favor of defendant New Orleans Publishing Group, Inc. (hereinafter “NOPG, Inc. ”). We dismiss the appeal for the following reasons.
In the present suit, Chaisson and the T-P filed a petition for a permanent injunction and for declaratory judgment, in the Twenty-Fourth Judicial District Court. Made defendants were NOPG, as the publisher of the newspaper CityBusiness, and Harry Lee in his capacity as Sheriff of Jefferson Parish. The suit alleged that Lee contracted with CityBusiness to advertise legal notices, and did such advertising from July 1, 1996 through July 7, 1996, even though the paper did not meet the requirements of a newspaper as defined in La. R.S. 43:201 et seq. Further, Chaisson alleged |2that she was entitled to rely on the effectiveness of the Legal Notices in bidding on and purchasing property, and because the Notices were not properly published, any purchases made and advertised after June 30th were invalid. Attached to the petition was the contract between the Sheriff and NOPG.
The Sheriff reconvened, alleging that the T-P and Chaisson conspired to monopolize the market for publication of judicial advertisements and legal notices, in order to force the Sheriff to contract with the T-P at higher rates. The Sheriff urged that such was a violation of La. R.S. 5L122-123.[1]
NOPG filed exceptions of non-joinder of indispensable parties (NOPG, L.L.C., or NOPG, Inc. had purchased NOPG and was the successor corporation), and no cause and/or no right of action. A supplemental petition impleaded NOPG, Inc.; the exception of no cause and/or no right of action does not appear to have been tried. Subsequently, NOPG, Inc. filed a motion for summary judgment, urging the court to hold that (1) separate and apart from the existing contract rights transferred in the agreement, NOPG was not required to, and did not, convey its legal capacity to compete for future business; (2) the agreement could not be enforced in a manner that excludes NOPG from competing to publish notices; (3) NOPG did not breach the agreement and (4) City-Business is eligible to compete for and |3publish the legal notices by virtue of the “grandfather clause” of La. R.S. 43:201 C(infra).
The T-P filed its own motion for partial summary judgment, urging that the court grant judgment in its favor declaring that NOPG had transferred its rights to publish legal advertising, and further declaring that NOPG could not utilize any such rights.
Following a hearing, the trial court granted the motion for summary judgment in favor of NOPG and denied the motion of the T-P. In so doing, the court specifically found that the rights under the “grandfather clause” of La. R.S. 43:201 could not be transferred without a transfer of the business. It is from this motion that the T-P appeals.
La. R.S. 43:201(A) requires the legal notices to be published in a newspaper located in the parish in which the proceedings are carried on. The newspaper shall be selected by the sheriff, constable, clerk or other officer charged with conducting the sale, and that official shall select the newspaper in June of each year. Section (B) defines an eligible newspaper. Section (C), the “grandfather clause,” states:
C. The provisions of this Section relating to the five year requirement shall not contravene any contract existing between any *1151 governing body and a newspaper on and prior to May 11, 1970; nor shall the five year requirement herein be applied in assessing the qualifications of a newspaper which was in existence on May 11, 1970; nor shall any provision of this Chapter prohibit a publica-cation being selected to publish judicial advertisements and legal notices in a parish having a population of not less than four hundred thousand when the publication has actually published official proceedings within 14one year prior to June 1, 1986 of any municipal corporation, parish council, police jury, or school board within that parish.
PARTIAL SUMMARY JUDGMENTS
La. C.C.P. art. 1915 reads in pertinent part as follows:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
In the present case, the summary judgment granted by the trial court does not dispose of all claims of the T-P against NOPG, Inc., inasmuch as the issue of whether or not CityBusiness meets the requirements of a newspaper under La. R.S. 43:201, pleaded by the T-P in its original petition, has yet to be litigated. Furthermore, the judgment does not adjudicate the rights of all of the parties, inasmuch as the original demand against the Sheriff, as well as his re-conventional demand against the T-P, is still at issue.
The judgment does not contain the requisite “express determination” by the trial court that “there is no just reason for delay” and designating the judgments as final; nor do we find the necessary specific agreement by theRparties that the judgment constitutes a final, and therefore appealable, judgment.
In Landry v. Torregano, 98-3 (La.App. 5 Cir. 5/13/98), 1998 WL 236294, 712 So.2d 996, this court, finding neither the required designation by the trial court nor the specific agreement of counsel, dismissed the appeal. There we held that the judgment in question was interlocutory in nature and there was no finding of irreparable injury so as to make such interlocutory judgment appealable. Similarly, we find no irreparable injury in the present case.[2]
For the foregoing reasons, the appeal is dismissed. Costs are assessed to appellants.
APPEAL DISMISSED.

. In the pleading, it was stated that the T-P had filed another suit in Orleans Parish seeking to enforce an "Asset Purchase Agreement and Bill of Sale" (the "agreement”) for the purchase of the rights to publish legal notices. That agreement involved purchase by the T-P of The Jefferson Parish Times and Democrat, an NOPG publication, along with related assets of that paper. The petition alleged that just prior to that agreement, The Jefferson Parish Times had contracted with the Sheriff to provide publication of the legal notices.

. See also Berman v. DeChazal, 98-81 (La.App. 5 Cir. 5/27/98), 1998 WL 265126, 717 So.2d 658, wherein we determined that a certification by the trial judge under La. C.C.P. art.1915, made without reasons, was reviewable de novo. In considering whether the partial summary judgment was appealable, we determined that it was not because the judgment would not terminate the suit, and the parties would continue to litigate the remaining issues. We found such appeal would make for piecemeal litigation and dismissed the appeal.