ARMSTRONG, J.
Before us are motions to dismiss appeals as premature. As we find that the judgments appealed from are not immediately appealable, we will grant the motions and dismiss without prejudice the two appeals at issue.
Plaintiffs Davey Lynn Prout and Harriet Prout sued defendants B.P. Oil Company (“B.P.”) and Edison Chouest Offshore, Inc. (“Chouest”). B.P. made a claim for indemnity against Chouest.
B.P. filed a motion for summary judgment seeking dismissal of the plaintiffs’ claims against B.P. Also, B.P. filed a motion for summary judgment (apparently, as to liability only and not quantum) on its indemnity claim against Chouest.
|2By a Judgment dated and filed July 23, 1997, the trial court granted both of B.P.’s motions for summary judgment, dismissed the plaintiffs’ claims against B.P. and held that Chouest must indemnify B.P.
The plaintiffs and Chouest each appealed. B.P. moves to dismiss those appeals.
On July 1, 1997, prior to the date of the judgment below, Act No. 483 of 1997 became effective and it amended Article 1915 of the Code of Civil Procedure to read, in pertinent part, as follows:
B.(l) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
La.Code Civ. Proc. art. 1915(B) (emphasis added). The amendment to Article 1915 is applicable to the present appeal because the July 23, 1997 judgment appealed from postdates the July 1, 1997 effective date of the amendment. Gilbert v. B.D.O.W.S, Inc., 30,439 (La.App. 2 Cir. 4/8/98), 711 So.2d 765, 768 n. 2, unit denied, 98-1269 (La.6/26/98), 719 So.2d 1059; Severson v. St. Catherine of Sienna Catholic Church, 97-1026 (La.App. 5 cir. 2/11/98), 707 So.2d 1026, 1029, unit denied, 98-0635 (La.4/24/98), 717 So.2d 1178; Kanz v. Wilson, 96-0882 (La.App. 1 Cir. 11/17/97), 703 So.2d 1331, 1335.
The July 23, 1997 judgment below clearly “adjudicates fewer than all claims” if for no other reason than that it does not adjudicate the plaintiffs’ claims against Chouest. Also, the July 23, 1997 judgment does not contain a designation as a final judgment nor an express determination that there is no just reason for delay nor is there in the record any order from the trial court with such a determination and such a designation of the July 23, 1997 judgment. Moreover, the record does not contain any specific *514 agreement of the parties that the July 23, 1997 judgment shall be final and immediately appealable. Therefore, the July 23, 1997 judgment is not immediately appealable. Landry v. Torregano, 98-3 (La.App. 5th Cir.5/13/98), 712 So.2d 996.
The two B.P. motions to dismiss are GRANTED and the plaintiffs’ appeal and Chouest’s appeal from the July 23, 1997 judgment are DISMISSED WITHOUT PREJUDICE. The issues which the plaintiffs and Chouest sought to raise by their dismissed appeals may be raised in a later, proper appeal.

MOTIONS TO DISMISS GRANTED.