GOTHARD, Judge.
Plaintiffs, Linlake Ventures and ANF Partners # 1, filed two actions against multiple defendants alleging breach of contract and faulty construction plans in the construction of two apartment buildings. The two matters were consolidated in the district court. One of the defendants, Fireman’s Fund Insurance Company (Fireman’s), the excess insurer of the general contractor on the project, filed a motion for partial summary judgment to resolve the issue of whether its coverage is limited to the excess coverage or whether the coverage would “drop down” to provide coverage for the insolvent primary insurer. After consideration of the *546 motion, the trial court ruled in favor of Fireman’s and granted the partial summary judgment. Plaintiffs appeal that judgment.
The judgment does not settle all of the claims among the parties, nor does it dismiss Fireman’s from the suit. It merely restricts the coverage to losses in excess of the primary insurance limits. As such, the judgment is not a final, appealable judgment.
bCode of Civil Procedure article 1915 was amended by Act No. 483, § 2 of the Regular Session of 1997, effective on July 1, 1997. The amended version of the article provides, in pertinent part, as follows:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay. (2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties. (Emphasis added)
Landry v. Torregano, 98-3 (La.App. 5 Cir. 5/13/98), 712 So.2d 996. See also,Berman v. De Chazal 98-8, (La.App.5/27/98), 717 So.2d 658. The record contains no agreement by the parties nor certification by the trial court that this judgment is immediately appealable. Accordingly, we dismiss the appeal for lack of jurisdiction.
DISMISSED.