KUHN, J.
Plaintiff, Mrs. Debra B. Vicknair, and in-tervenor, Insurance Company of North America (“ICNA”), have appealed the trial court’s August 14, 1997 judgment, which granted a motion for summary judgment filed by defendant, The Nature Conservancy, Inc. (“The Nature Conservancy”). We dismiss these appeals because the August 14, 1997 judgment is not a final appealable judgment.
FACTS AND PROCEDURAL BACKGROUND
Mrs. Vicknair and her husband, Mr. E. Michael Vicknair, filed suit against The Nature Conservancy, Mr. Gregory M. Eaton, and the City of Baton Rouge. In the petition, plaintiffs allege that on about March 17, 1995, Mrs. Vicknair sustained injuries when she fell while walking on a defective cement driveway/sidewalk. The petition alleges that the driveway/sidewalk is “owned or in the custody and garde” of the defendants, and that the accident was caused by the negligence and strict liability of the defendants in failing to warn pedestrians of the defective condition of the driveway/sidewalk and in failing to properly maintain or repair the driveway/sidewalk.
The Nature Conservancy filed a motion for summary judgment asserting that Mrs. Vick-nair was an employee on the date of the accident and that her exclusive remedy against The Nature Conservancy is pursuant *611 to the Workers’ Compensation Act. ICNA, The Nature Conservancy’s workers’ compensation insurer, filed a petition of intervention, seeking to recover medical expenses and disability benefits paid to Mrs. Vicknair.
By judgment dated August 14, 1997, the trial court granted The Nature Conservan-' Gy’s motion for summary judgment, thereby dismissing plaintiffs’ claims against The Nature Conservancy. Thereafter, pursuant to a motion by the plaintiffs, the trial court ordered “a new trial and/or rehearing” on The Nature Conservancy’s motion for summary judgment. After a hearing on the matter, the trial court signed a judgment on November 4, b!997, ordering judgment in favor of The Nature Conservancy, and denying the motion for new trial. Mrs. Vicknair and ICNA have appealed the August 14, 1997 judgment.[1]
ANALYSIS
Louisiana Code of Civil Procedure art.2083 provides that an appeal may be taken from a final judgment. Pursuant to Act No. 483 of the 1997 Regular Session, the legislature amended La. C.C.P. art.1915 regarding the appealability of partial judgments. As amended and reenacted the article provides, in pertinent part:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or inter-venors.
[[Image here]]
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, including a summary judgment granted pursuant to Article 966(E).
[[Image here]]
B. (1) When a court renders a partial judgment ... as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an' express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
kin Morgan v. Earnest Corporation, 97-0869, pp. 5-6 (La.App. 1st Cir.11/7/97), 704 So.2d 272, 275, writ denied, 97-3031 (La.2/20/98), 709 So.2d 775, this court held that the provisions of Act No. 483 which amended La. C.C.P. art.1915 apply prospectively only to initial rulings issued on or after July 1, 1997, the effective date of the Act.
In the present case, the judgment from which the parties have appealed was signed on August 14, 1997. Thus, the provisions of Act No. 483 are applicable. The grant of the summary judgment in The Nature Conservancy’s favor is a partial judgment. It is an “order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties.” Accordingly, La. C.C.P. art.1915 specifies that “the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.” Since the record does not contain any specific agreement by the parties as to the finality of the partial judgment, nor any express determination by *612 the trial court that there is no just reason for delay or designation of the August 14, 1997 judgment as final, the judgment is not a final appealable judgment. Landry v. Torregano, 98-3, p .3 (La.App. 5th Cir.5/13/98), 712 So.2d 996, 997. Accordingly, the appeals are dismissed.
CONCLUSION
For the above reasons, the appeals of Mrs. Debra B. Vicknair and of Insurance Company of North America are hereby dismissed. Mrs. Vicknair and Insurance Company of North America are each assessed one-half of the appeal costs.
APPEAL DISMISSED.

. On Mrs. Vicknair’s motion for appeal, the trial court granted a devolutive appeal on October 17, 1997. On ICNA’s motion for appeal, the trial court granted a devolutive appeal on November 4, 1997.