717 So.2d 658 (1998)
Mark R. BERMAN
v.
Jean L. DE CHAZAL, Sharon Kochera, and Home Spec, Inc.
No. 98-CA-81.
Court of Appeal of Louisiana, Fifth Circuit.
May 27, 1998.
*659 Brett J. Prendergast, New Orleans, for Plaintiff-Appellant.
Robert B. Evans, III, Gus A. Fritchie, III, New Orleans, for Defendant-Appellee.
George Swain, Metairie, in proper person.
Before GAUDIN, DUFRESNE and WICKER, JJ.
DUFRESNE, Judge.
This is an appeal by Mark Berman, plaintiff, from a partial summary judgment in favor of Jean De Chazal, defendant, in this redhibition action involving the sale of a house. For the following reasons, we dismiss the appeal.
At issue in this case is the application of La.Code Civ. Pro., Art.1915, pertaining to the appealability of partial judgments. Berman sued De Chazal in redhibition, alleging defects in a house recently purchased. Those defects were identified in pleadings as rotting wood on a deck, the chimney separating from the adjoining roof, bubbling linoleum in the kitchen, an uneven floor in the kitchen, water damage to a kitchen cabinet, defective interior painting, and damage to the roof and carpets caused by an improperly installed roof. De Chazal urged a motion for summary judgment as to all asserted defects. Except for those problems relating to the improper installation of the roof, the trial judge rendered summary judgment dismissing all claims related to the other alleged defects. A further order was entered stating that he "determined that there is no just reason for delay," and he designated the judgment as final pursuant to La.Code Civ. Pro., Art.1915(B)(1). However, no reasons were given to support this "determination and designation," or "certification."
*660 Berman appealed that portion of the judgment granting summary judgment, and De Chazal answered the appeal urging that the trial judge erred in denying his motion for summary judgment on the issue of the defective roof. As to De Chazal's answer to the appeal, that matter will not be considered by this court for want of appellate jurisdiction. Article 968, of the Code of Procedure specifically provides that "[a]n appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgement."
Berman's appeal raises more complex issues. In 1997, La.Code Civ. Pro., Art.1915, was amended to provide a procedure for dealing with partial judgments similar to that used in federal courts and set forth in Rule 54(b) of the Federal Rules of Civil Procedure. In the recent case of Banks v. State Farm Insurance Co., 30,868 (La.App. 2nd Cir. 3/5/98), 708 So.2d 523, the court discussed in some detail the federal rule and its relationship to our new Article 1915, and we, therefore, need not repeat that discussion here. However, we do note several points which we deem significant to our disposition of the present matter.
Historically, both the federal and Louisiana courts have maintained policies against partial appeals in on-going cases. As stated in Everything On Wheels Subaru, Inc. v. Subaru South Inc. 616 So.2d 1234 (La.1993), if all partial judgments relating to only some claims or defenses or less than all parties were routinely appealed, "there would be intolerable problems of multiple appeals and piecemeal litigation." On the other hand, it was also recognized in the federal system that there were situations in which fairness to the parties counseled allowing immediate, although partial, appeals. In this latter circumstance, the federal rule granted to trial judges the discretion to weigh the competing factors of sound judicial administration and justice to the litigants, and to certify partial final judgments for appeal when justice to the litigants preponderated, Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). This procedure also resolves the problem of litigants often having to speculate about whether a partial judgment should be appealed immediately or after the remainder of the case is resolved, see Everything on Wheels Subaru, Inc. v. Subaru South, Inc., supra.
Although federal jurisprudence involving Rule 54(b) is not binding, we, like the court in Banks v. State Farm, supra, find that jurisprudence persuasive in construing our legislature's similar response to the problem of balancing fairness to the parties with sound judicial administration. In Banks, the court identified a number of factors which have been applied in federal courts to determine when partial judgments should be certified as immediately appealable, as follows:
(1) The relationship between the adjudicated and the unadjudicated claims;
(2) The possibility that the need for review might or might not be mooted by future developments in the district court;
(3) The possibility that the reviewing court might be obliged to consider the same issue a second time;
(4) The presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; and
(5) Miscellaneous facts such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like;
citing Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360 (3rd Cir.1975).
It is also established in federal law that a district court's decision to certify a judgment as appealable, when supported by reasons, is itself reviewable under the abuse of discretion standard, Curtiss-Wright Corp. v. General Electric Co., supra, and it has been held that when no reasons are given by the district court judge, the appellate court reviews the certification de novo, Consolidated Rail Corp. v. Fore River Ry. Co., 861 F.2d 322 (1st Cir.1988). When an appellate court determines that a certification was an abuse of discretion, the appeal is simply dismissed, Id.
Considering the state statute at issue here, as well as the accompanying Editor's Note which says that it "invokes Federal Rule of Civil Procedure 54(b)," we are of the opinion that the factors enumerated in *661 Banks v. State Farm, supra, while not exclusive, correctly set forth the general criteria which should be used by district judges when considering whether a partial judgment should be certified as appealable. We also hold that the proper standard of review of such orders, when accompanied by reasons, is whether the trial judge abused his discretion, but when no reasons are given, as in this case, we will review the propriety of the certification de novo, considering those same criteria.
Turning to the facts of the present case, we find that the interest of judicial administration far outweighs any considerations of justice to the parties in regard to the appealability of the partial judgments entered in the case. It is evident that the partial judgment will not terminate the suit, and that the same parties will continue to litigate the remaining issues. At least one claim for relief, i.e. recission of the sale, if granted because of the roof problem, would render the present appeal moot. Were we to reverse the judgment on grounds that there still exist material facts in dispute as to the latency of some of the alleged defects, we would very possibly have to review those matters again on another appeal. Finally, judicial administration has obviously been negatively effected because presumably the remainder of the case has been delayed pending the outcome of this appeal. If indeed it has not been stayed, and the matter has gone to judgment on the remaining issues (on the authority of Art. 1915(C)), then were we to reverse the judgment before us and remand these issues for trial, the result would be piecemeal litigation of the most intolerable kind. Having determined that it was improper for the trial judge to have certified the present partial judgment as appealable because the interest of judicial administration far outweigh any equitable considerations for the litigants, we hereby dismiss this appeal.
We finally note that under Art.1915(B)(2), when partial judgments are not such as may properly be certified as appealable, they are considered interlocutory and "may be revised at any time prior to rendition of the judgment adjudicating all the claims and all the rights and liabilities of all the parties." Clearly, under this provision, plaintiff here can re-urge his objections to the ruling at issue in the trial court prior to trial, or at least proffer evidence in support of those claims at trial in order to create a complete record for review if the matter is ultimately appealed.
For the foregoing reasons, this appeal is dismissed.
APPEAL DISMISSED.