808 So.2d 478 (2001)
Dawn VAN as Tutrix for the Minor Child, Lucinda WHITE
v.
Clara B. DAVIS and State Farm Insurance Company
No. 2000 CA 0206.
Court of Appeal of Louisiana, First Circuit.
February 16, 2001.
*480 Jack Patrick Harris, Baton Rouge, Counsel for Plaintiff/Appellant Dawn Van.
Michael P. Colvin, Baton Rouge, Counsel for Defendant/Appellee Clara B. Davis.
John S. White, Baton Rouge, Counsel for Defendant/Appellee State Farm Insurance Company.
Before: WHIPPLE, KUHN, and DOWNING, JJ.
KUHN, J.
This matter is on appeal pursuant to the trial court's certification of a summary judgment as a final partial judgment under Louisiana Code of Civil Procedure Art.1915. A court of appeal has jurisdiction over final judgments, and the trial court's certification, when appropriately granted, vests jurisdiction in the Court of Appeal even if the successful party is not granted all the relief prayed for or does not adjudicate all the issues in the case. La. C.C.P. Art.1915A. The trial court's certification of a partial judgment as a final judgment, however, is not determinative of an appellate court's jurisdiction. On de novo review, for reasons stated herein, we find the trial court abused its discretion by certifying the summary judgment as a final judgment when it lacks the requisite finality to be so certified. Concluding this court lacks subject matter jurisdiction, we dismiss the appeal and remand for further proceedings.

FACTUAL AND PROCEDURAL
Plaintiff, Dawn Van, in her capacity as tutrix of her minor child, Lucinda White, *481 filed suit against her mother, Clara B. Davis, and State Farm Insurance Company ("State Farm"), her mother's homeowner's insurance carrier. This suit arises due to injuries sustained on May 22, 1995. At that time, White resided with her grandmother. White and her friend, Clawdasia Gallop, who were both eleven years old, had been playing with dolls with another friend, who lived across the street from White. White and Gallop had stored the dolls in an ice chest so that they could be easily carried. After they finished playing with the dolls, White and Gallop attempted to store the chest on a shelf in an outdoor storage room attached to the carport of the Davis house. The storage room, which was used as a laundry room, housed a hot water heater. When the chest was placed on the shelf, an aerosol can of insect repellent apparently dislodged and fell to the floor. Plaintiff alleges the repellent discharged and ignited when it came into contact with the flame of the hot water heater, causing White to sustain severe burns.
Plaintiff alleges that her daughter's injuries were caused by Davis's negligent acts of: 1) storing a flammable insect repellant in close proximity to an open flame; 2) failing to maintain a flame guard on the hot water heater; 3) failing to properly supervise White and Gallop by allowing them access to the storage room; and 4) permitting the storage of dolls in the storage room. Upon State Farm's motion for summary judgment, the trial court granted the motion in part. The judgment, dated October 29, 1999, ordered that the motion was granted as to all claims, except those based on the allegation that the Davis hot water heater did not have a door.[1] The judgment also states that the court expressly finds there is no reason for delay and designates the partial summary judgment as "final and immediately appealable."[2]
Van has appealed urging that the trial court improperly granted the summary judgment. Initially, Van asserts that the sequence of events on May 22, 1995 gives rise to a single cause of action in negligence. Van contends the cause of action arises from Davis's failure to use reasonable care in protecting White from injury while under Davis's control and supervision. Van urges that the trial court's ruling improperly determines only a portion of the negligence issue and that the ruling will complicate resolution of the remaining contention addressing the absence of the flame guard. Van contends that from a practical standpoint, the ruling will cause certain aspects of the facts and events to be isolated out of sequence. Beyond that, Van urges that the trial court has improperly decided the merits of the case by making factual determinations and weighing the credibility of the witnesses. Van contends there are material issues of fact that were precluded by the trial court's ruling and that the record supports a finding of liability based on the arguments pretermitted by the court's ruling.

*482 ANALYSIS
Louisiana Code of Civil Procedure 1915 authorizes the immediate appeal of "final" partial judgments. The 1997 version of article 1915, applicable to this case, provided, in pertinent part, as follows:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
* * *
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, including a summary judgment granted pursuant to Article 966(E).[3]
* * *
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.[4]
In Doyle v. Mitsubishi Motor Sales of America, Inc., 99-0459, 99-0460, pp. 9-10 p. 9 (La.App. 1st Cir.3/31/00), 764 So.2d 1041, 1047, writ denied, XXXX-XXXX (La.6/16/2000), 765 So.2d 338, this court addressed whether a partial summary judgment was final for purposes of an immediate appeal. The court found that a partial summary judgment addressing issues of duty and breach in a negligence action was not a final judgment that could be certified for immediate appeal. The court reasoned the judgment was not final because it did not determine the merits of the negligence claim; the issue of liability had not been resolved because the causation issue had not been decided. The following pertinent analysis was set forth in Doyle:
In 1997, by Act No. 483, the legislature made significant changes with respect to the appealability of partial judgments. Prior to the 1997 amendments, article 1915 dealt with the problem of identifying immediately appealable partial final judgments by setting forth exclusive classes of partial judgments which were immediately appealable. The 1997 amendments, patterned after Rule 54 of the Federal Rules of Civil Procedure, now require a certification procedure which must be met before a partial adjudication can become immediately appealable. Under article 1915, a *483 partial summary judgment rendered by a trial court shall not constitute a final judgment subject to an immediate appeal unless designated as a final judgment by the trial court after an express determination that there is no just reason for the delay, or unless specifically agreed to by the parties. La.Code Civ. P. art. 1915 B(1).
The first determination a trial court must make in certifying a partial judgment as immediately appealable under article 1915 is finality. Mark Tatum and William Norris, III, Summary Judgment and Partial Judgment in Louisiana: The State We're In, 59 La. L. Rev. 131, 157-158 (1998). A trial court's designation of a partial judgment as final, however, does not make that judgment immediately appealable. This court's appellate jurisdiction extends to "final judgments." La.Code Civ. P. art. 2083. A certification of a judgment as final by the trial court for the purposes of article 1915 is thus jurisdictional in nature, rather than discretionary. As this court is not bound by the trial judge's certification of the partial adjudication as final for the purpose of an immediate appeal, we shall determine finality de novo.

Under Louisiana law, a final judgment is one which determines the merits of a controversy, in whole or in part. La. Code Civ. P. art. 1841. Although article 1915 dispenses with finality in the sense of completion of the litigation, the judgment rendered must be sufficiently final in that it disposes of the claim or dispute in regard to which the judgment is entered. Furthermore, in determining whether a partial judgment is a final one for the purpose of an immediate appeal, a court must always keep in mind the historic policies against piecemeal appeals.
99-0459, pp. 9-10, 764 So.2d at 1046-1047 (case citations omitted).
The issue of the appealability of a partial judgment was also addressed in Berman v. De Chazal, 98-81 (La.App. 5th Cir.5/27/98), 717 So.2d 658. Plaintiff, the purchaser of a house, brought a redhibition action against the seller alleging numerous defects, i.e., rotting wood on a deck, the chimney separating from the adjoining roof, bubbling linoleum in the kitchen, an uneven floor in the kitchen, water damage to a kitchen cabinet, defective interior painting, and damage to the roof and carpets caused by an improperly installed roof. The defendant-seller urged a motion for summary judgment as to all of the asserted defects. The trial judge rendered summary judgment dismissing all claims related to the defects except for those problems relating to the improper installation of the roof. The trial court had also designated the judgment as final pursuant to La. C.C.P. art. 1915(B)(1) and had stated that there was no just reason for delay. No reasons were given to support the designation.
In reviewing the designation of the trial court, the Berman court determined it was appropriate to consider the following factors which have been applied by the federal courts in determining when partial judgments should be certified as immediately appealable:
(1) The relationship between the adjudicated and the unadjudicated claims;
(2) The possibility that the need for review might or might not be mooted by future developments in the district court;
(3) The possibility that the reviewing court might be obliged to consider the same issue a second time;
(4) The presence or absence of a claim or counterclaim which could result in *484 setoff against the judgment sought to be made final; and
(5) Miscellaneous facts such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like;
98-81, p. 3, 717 So.2d at 660 (citing Banks v. State Farm Insurance Co., 30,868, p. 4 (La.App.2d Cir.3/5/98), 708 So.2d 523, 525, which cited Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360 (3rd Cir.1975.))
The Berman court also stated that the proper standard of review of such designation was whether the trial judge abused its discretion when the designation was accompanied by reasons. And when no reasons are given, the court directed that an appellate court should review the propriety of the designation on a de novo basis. Berman v. De Chazal, 98-81, p. 5, 717 So.2d at 661.
Applying the enumerated factors, the Berman court conducted a de novo review and determined that the trial court had improperly certified the partial summary judgment as appealable based on the following reasons:
[W]e find that the interest of judicial administration far outweighs any considerations of justice to the parties in regard to the appealability of the partial judgments entered in the case. It is evident that the partial judgment will not terminate the suit, and that the same parties will continue to litigate the remaining issues. At least one claim for relief, i.e. recision of the sale, if granted because of the roof problem, would render the present appeal moot. Were we to reverse the judgment on grounds that there still exist material facts in dispute as to the latency of some of the alleged defects, we would very possibly have to review those matters again on another appeal. Finally, judicial administration has obviously been negatively effected because presumably the remainder of the case has been delayed pending the outcome of this appeal. If indeed it has not been stayed, and the matter has gone to judgment on the remaining issues (on the authority of Art.1915(C)), then were we to reverse the judgment before us and remand these issues for trial, the result would be piecemeal litigation of the most intolerable kind. Having determined that it was improper for the trial judge to have certified the present partial judgment as appealable because the interest of judicial administration far outweigh any equitable considerations for the litigants, we hereby dismiss this appeal.
98-81, pp. 5-6, 717 So.2d at 661.
In the present case, although the trial court designated the judgment as final, the court failed to provide reasons to support the designation. Thus, we review the propriety of the certification de novo, considering the same criteria set forth in Berman. We view the adjudicated and unadjudicated claims advanced by plaintiff as being very closely connected and similar to the claims advanced in Berman. The partial judgment in this case, which addresses the claims regarding Davis's failure to supervise and her actions of storing insect repellant and dolls near a hot water heater, does not terminate this suit. The same parties will continue to litigate the remaining claim regarding the absence of the door/flame-guard on the hot water heater. If that claim is found to have merit, it would render the present appeal moot. Moreover, we do not think the claims can be properly evaluated in a vacuum. The broad issue of whether Davis's actions, as a whole, constitute negligence has not been resolved by the trial court's ruling.
*485 When applying a traditional duty/risk analysis to address the claim that Davis was negligent in failing to maintain a flame guard, it is necessary to address whether Davis was aware or should have been aware that White or other children would be in the vicinity of the hot water heater. In addressing the claim of negligent supervision, it is necessary to evaluate the condition of the hot water heater and, if proven to be dangerous, whether Davis was aware of that condition. Thus, due to the close connexity of these claims, there is a strong possibility that this court might be obliged to consider the same issues in a subsequent appeal. We likewise conclude that the interests of judicial administration outweigh any equitable considerations for these litigants. To allow an immediate appeal in this instance would only serve to encourage piecemeal adjudication, causing delay and judicial inefficiency. Therefore, we conclude the trial court erred in certifying the judgment as a final one for the purpose of an immediate appeal under article 1915.
Due to our resolution of this jurisdictional issue, we do not reach the issues raised by appellant addressing whether the trial court properly granted the partial summary judgment. Because the partial judgment is not a final one, it may be revised at any time prior to rendition of a judgment adjudicating the remaining issues in the case. La. C.C.P. art. 1915(B)(2); Doyle v. Mitsubishi Motor Sales of America, Inc., 99-0459, 99-0460, p. 11, 764 So.2d at 1047.

CONCLUSION
This court lacks jurisdiction to review the partial summary judgment as it is not a final judgment subject to immediate appeal under La. C.C.P. art. 1915. We hereby dismiss this appeal. Assessment of costs of this appeal are to await a final judgment in this case.
APPEAL DISMISSED; REMANDED FOR FURTHER PROCEEDINGS.
DOWNING, J., concurs and assigns reasons.
DOWNING, J., concurring.
I concur in the result but would convert to a writ and reverse the summary judgment.
NOTES
[1] The judgment likewise ordered that "the Motion for Summary Judgment is denied insofar as it seeks dismissal of the plaintiff's suit to the extent that the suit is based on the absence of a door on the hot water heater."
[2] The judgment also states that the parties agreed there was no reason for delay. The parties, however, did not sign the judgment, and there is no support for this statement in the record. Also, appellant's arguments on appeal are not in conformity with this statement. But even if appellant had entered into this agreement, it is not determinative of whether the judgment is appealable as a final judgment. See Banks v. State Farm Ins. Co., 30,868, p. 4 (La.App.2d Cir.3/5/98), 708 So.2d 523, 525.
[3] Louisiana Code of Civil Procedure article 966(E) states, "A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case."
[4] By La. Acts 1999, No. 1263 § 1, Paragraph A(3) of article 1915 was amended to provide that a final judgment may be rendered which grants a motion for summary judgment, "but not including a summary judgment granted pursuant to Article 966(E)." That act also amended La. C.C.P. art.1911 to make it clear that final judgments rendered under Paragraph A of article 1915 are appealable without certification, whereas a partial final judgment rendered under Paragraph B of article 1915 must be designated as a final judgment to be appealable. The act expressly applies to actions filed on or after the January 1, 2000 effective date of the amendment. Thus, we apply the 1997 version of article 1915 to this case.