NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 0553

and

2021 CW 0270

ODILON MARCEAUX, JR., FRITZ DIETLIN, TERRY LOGA, MIKEL E.
LAMBERT, EMILE P. LEBLANC, ERVIS BROUSSARD, WILLIE
TRADEWELL, DONNIE HUFFMAN, RICHARD L. MARKWAY, BRUCE E.
CRAIN, MICHAEL R. CARLOSS, LEROY A. SCHOUEST, JOHNNY
SCHEXNAIDER, MARK CASTILLE, ELMORE J. NAQUIN, IRVIN H.
DARES, JR., LLOYD J. SONGE, RAYWOOD HEBERT, JEORGE BRIOLO &
THE CLASS HEREIN DEFINED

VERSUS

STATE OF LOUISIANA, VIRGINIA VAN SICKLE, DEPARTMENT OF
WILDLIFE & FISHERIES, LOUISIANA WILDLIFE & FISHERIES
COMMISSION & HERBERT L. SUMRALL

Judgment Rendered: __DEC 2 2 2021__

*\*\*\*\*\*\*\**

Appealed from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C356083

The Honorable Donald R. Johnson, Judge Presiding

*\*\*\*\*\*\*\**

Wolfe, J. dissents.

| | |
|---|---|
| Charles R. Sonnier | Counsel for Plaintiffs/Appellees |
| J. E. Cullens, Jr. | Odilon Marceaux, et al. |
| Abbeville, LA | |
| & | |
| Patrick W. Pendley | |
| Andrea L. Barient | |
| Plaquemine, LA | |
| | |
| Andrew Blanchfield | Counsel for Defendants/Appellants |
| Christopher K. Jones | State of Louisiana, Department of Wildlife |
| Chelsea A. Payne | & Fisheries, Herbert Sumrall, Director of |
| Assistant Attorneys General | State Civil Service, State Civil Service |
| Jeff Landry | Commission Board of Trustees of Louisiana |
| Attorney General | State Employees Retirement System, James |
| | Jenkins, Secretary of Department of Wildlife |
| | & Fisheries, Johnny Tarver, Executive, |
| | Department of Wildlife & Fisheries, Col. |
| | Winton Vidrine, Director of Enforcement |
| | Division of Department of Wildlife & |
| | Fisheries |

********

**BEFORE: LANIER, WOLFE, AND BURRIS,[1] JJ.**

---

[1] The Honorable William J. Burris, retired, is serving *pro tempore* by special appointment of the Louisiana Supreme Court.

**LANIER, J.**

This matter is before us on appeal and an application for supervisory writs by defendants, State of Louisiana, Department of Wildlife and Fisheries and Herbert Sumrall, Director of State Civil Service, Board of Trustees of Louisiana State Employees Retirement System, James Jenkins as Secretary of Department of Wildlife and Fisheries (DWF), Johnny Tarver, Executive, Department of Wildlife and Fisheries, and Colonel Winton Vidrine, Director of the Enforcement Division of the Department of Wildlife and Fisheries, from the partial granting and partial denial of a motion for summary judgment by the Nineteenth Judicial District Court.

Before addressing the merits of an appeal, appellate courts have the duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. *Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc.*, 2011-0520 (La. App. 1 Cir. 11/9/11), 79 So.3d 1054, 1059, writ denied, 2012-0360 (La. 4/9/12), 85 So.3d 698. The judgment[2] states that the defendants' motion for summary judgment is granted in part and denied in part, "dismissing some claims and rejecting dismissal as to others." Furthermore, the judgment merely dismisses some claims of the plaintiffs and denies dismissal of others. It is not clear from judgment if any parties have been dismissed from the instant case or if all claims as to a certain party have been dismissed. Further, the judgment states that "any other party named or not named in [a] personal capacity pursuant to the denied dismissal claims pertaining to 42 USC 1983" are denied.

---

[2] After the plaintiffs filed a motion to clarify the original judgment, the district court signed an amended judgment on March 5, 2021. No objection from the defendants to the amended judgment is contained in the record. The defendants filed an appeal as to the original judgment, but not as to the amended judgment. We find that the amended judgment makes no substantive changes to the original judgment, and we therefore maintain the appeal. See *Ryland v. St. Mary's Residential Training School*, 2003-0027 (La. App. 3 Cir. 4/30/03), 843 So.2d 1237, 1240 writ denied, 2003-1536 (La. 10/3/03), 855 So.2d 311 (Amendment to alter phraseology of judgment is not a substantive change).

Additionally, the judgment dismisses "any and all claims" of the plaintiffs pertaining to the Fair Labor Standards Act, any and all claims seeking employment in a specific DWF division, and any claims requesting punitive damages. The judgment also denies the "Defendants'[3] request for dismissal of any and all claims" regarding statutory retaliation, damages pursuant to La. C.C. art. 2315, and attorney fees.

For a judgment to be final, it must contain appropriate decretal language. *Simon v. Ferguson*, 2018-0826 (La. App. 1 Cir. 2/28/19), 274 So.3d 10, 13. Importantly, for the language to be considered decretal, it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *Id.* These determinations should be evident from the language of a judgment without reference to other documents in the record. *Id.*

In the instant appeal, it is unclear if any party has been dismissed from the instant case. While it is evident that some claims have been dismissed, no defendant appears to have been dismissed entirely from the instant case. We also find the language "any other party named or not named in [a] personal capacity" to be problematic. A valid judgment must be precise, definite, and certain. *Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.*, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046. The aforementioned language potentially renders judgment as to any unnamed party, whether they are involved in the present litigation or not. We further find the dismissal of "any and all claims" of the plaintiff, without stating as to which defendant the dismissal applies, to be imprecise.

---

[3] The amended judgment uses "Defendant's" and "Defendants'" interchangeably.

A district court's designation of a judgment as final is not determinative of this court's jurisdiction. This court's jurisdiction extends to "final judgments." La. C.C.P. art. 2083; *Van ex rel. White v. Davis*, 2000-0206 (La. App. 1 Cir. 2/16/01), 808 So.2d 478, 483. A final judgment is one that determines the merits of a controversy, in whole or in part. La. C.C.P. art. 1841; *Doyle v. Mitsubishi Motor Sales of America, Inc.*, 1999-0459 (La. App. 1 Cir. 3/31/00), 764 So.2d 1041, 1047, writ denied, 2000-1265 (La. 6/16/00), 765 So.2d 338.

Although the appealed judgment contains a certification pursuant to La. C.C.P. art. 1915 that it is a final judgment, we disagree that it is a final judgment.[4] We cannot determine from the judgment if it sufficiently disposes of the dispute. Furthermore, we must be mindful of the historic policies against piecemeal appeals. See *Van*, 808 So.2d at 483. It appears from this judgment that the named defendants were not dismissed from the case, and a trial is likely to result, potentially raising further disputed issues that will be appealed.

For the above reasons, we dismiss the instant appeal for lack of subject matter jurisdiction. See *Advanced Leveling*, 268 So.3d at 1047. We issue this memorandum opinion pursuant to Uniform Rules-Courts of Appeal, Rule 2-16.1(B). See *Franklin v. AIG Cas. Co.*, 2012-1699 (La. App. 1 Cir. 6/7/13), 2013 WL 2487877, at *2 (unpublished). Further, we dismiss the writ application filed under this court's docket number 2021 CW 0270.[5] All costs of this appeal in the

---

[4] The original judgment includes a certification in the attached order that it is a final judgment pursuant to La. C.C.P. art. 1915 and that there is no just reason for delay with respect to taking an appeal. However, in the amended judgment, that certification is changed to state that "this is a final judgment according to La. C.C.P. [art.] 1911 and La. R.S. 13:4231." Louisiana Code of Civil Procedure Article 1911 simply states the required form of a final judgment, and when a certification under La. C.C.P. art. 1915 is required. There is no such certification pursuant to La. C.C.P. art. 1911. Louisiana Revised Statutes 13:4231 provides the factors for determining when a final judgment is *res judicata* with respect to precluding further judgments in the same cause of action involving the same parties. Due to these two irregularities, we find the certification in the amended judgment to be void and without legal effect.

[5] The application for supervisory writs for review of the partial summary judgment does not include a copy of the attachments to the plaintiffs' original opposition to the motion for summary

5

amount of $3,526.50 are assessed to the defendants, State of Louisiana, Department of Wildlife and Fisheries and Herbert Sumrall, Director of State Civil Service, Board of Trustees of Louisiana State Employees Retirement System, James Jenkins as Secretary of Department of Wildlife and Fisheries, Johnny Tarver, Executive, Department of Wildlife and Fisheries, and Colonel Winton Vidrine, Director of the Enforcement Division of the Department of Wildlife and Fisheries.

**APPEAL AND WRIT APPLICATION DISMISSED.**

---

judgment, which is required by Uniform Rules of Louisiana Courts of Appeal, Rule 4-5(C)(9). For this reason, we dismiss the writ application.