## NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2022 CA 0161

## MAH 2012 FAMILY TRUST NO. 1

## VERSUS

## RED STICK STUDIO DEVELOPMENT, LLC,
## ROBERT W. DAY and JANICE E. DAY

Judgment Rendered: _OCT 17 2022_

* * * * * * *

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 703028

Honorable Timothy E. Kelley, Judge Presiding

* * * * * * *

Michael H. Rubin
Jon Ann Giblin
Baton Rouge, Louisiana

Attorneys for Plaintiff/Appellee,
MAH 2012 Family Trust No. 1

Randy P. Roussel
Kelsey Kornick Funes
Paul LeBlanc
Anthony J. Gambino, Jr.
Baton Rouge, Louisiana

Attorneys for Defendants/Appellants,
Robert W. Day and Janice E. Day

Louis M. Phillips
Baton Rouge, Louisiana

Attorney for Defendant/Appellant,
Red Stick Studio Development, LLC

* * * * * * *

**BEFORE: WELCH, PENZATO, AND LANIER, JJ.**

**PENZATO, J.**

The defendants/appellants, Red Stick Studio Development, LLC ("Red Stick"), Robert W. Day, and Janice E. Day, appeal a judgment granting a motion for partial summary judgment filed by the plaintiff, MAH 2012 Family Trust No. 1 (the "Trust"). For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

Red Stick, through its Managing Member, Robert W. Day, and Robert W. Day and Janice E. Day, individually, executed two promissory notes payable to Mark Hampton, the first on June 13, 2008 in the amount of $12,000,000.00, and the second on February 27, 2009, in the amount of $800,000.00. The notes were secured by the pledge of a collateral mortgage note executed by Red Stick in favor of Mr. Hampton, paraphed *ne varietur* for identification with an act of collateral mortgage encumbering six tracts of immovable property owned by Red Stick.[1]

Between March 2010 and April 2020, the lender[2] and the defendants executed a number of modification and extension agreements to allow the defendants additional time to pay the loans. The defendants failed to make the payments as required by the April 2020 modification agreement, and on December 28, 2020, the Trust filed the underlying "Verified Suit on Notes and for Recognition of Mortgages," seeking payment of the unpaid principal balance on the notes, accrued interest, plus additional interest on the unpaid principal balance, 25 percent attorney's fees on the outstanding principal and interest, as provided in the collateral mortgage notes, and recognition of the mortgages over the six tracts of immovable property described in the collateral mortgages. The Trust also

---

[1] Red Stick executed a collateral mortgage note in the principal sum of $15,000,000.00, act of collateral mortgage, and pledge in 2008. In 2010, Red Stick executed another collateral mortgage note in the amount of $10,000,000.00, act of collateral mortgage, and pledge. The 2008 and the 2010 mortgages encumber the same tracts of immovable property.

[2] In 2012, Mr. Hampton assigned to the Trust a partial interest in the 2008 note and mortgage. In 2017, Mr. Hampton assigned to the Trust all his right, title, and interest in and to all notes, agreements, and documents evidencing the indebtedness and other obligations.

2

sought attorney's fees it incurred in connection with the loan pursuant to a July 2012 Loan Modification agreement; reimbursement, with interest in the rate provided in the collateral mortgage notes, for amounts it expended for either payment of property taxes on any of the properties described in the mortgages, or payment to redeem such properties from tax sales; and "[f]or all other relief as is appropriate."

On July 9, 2021, the Trust filed a motion for partial summary judgment seeking a judgment against the defendants for unpaid principal balance and accrued interest on the notes, and to recognize the pledged notes and mortgages that secured Red Stick's obligations. The Trust specifically reserved its rights for all attorney's fees it incurred in connection with the loan pursuant to the July 2012 Loan Modification agreement; for reimbursement, with interest in the rate provided in the collateral mortgage notes, for amounts it expended for either payment of property taxes on any of the properties described in the mortgages, or payment to redeem such properties from tax sales; and "[f]or all other relief as is appropriate." The Trust further sought designation of the partial summary judgment as final pursuant to La. C.C.P. art. 1915 for purposes of foreclosure on the property subject to the mortgages.

In opposition to the motion for summary judgment, the defendants argued that a genuine issue of material fact existed as to the amount of principal that was due. According to the defendants, the July 2012 Loan Modification agreement required payment of a monthly $3,000.00 "records inspection fee." The defendants argued that because no record inspection was conducted, the amount paid should have been imputed to the principal amount owed.

The Trust's motion for partial summary judgment came for hearing on

3

October 4, 2021.[3] The trial court rejected the defendants' argument regarding the records inspection fee and found that the Trust was entitled to summary judgment as requested. Following the hearing, the Days filed a memorandum opposing the certification of the partial summary judgment as final and appealable pursuant to La. C.C.P. art. 1915(B). On October 14, 2021, the trial court signed a judgment granting the Trust all of the relief prayed for in its motion for partial summary judgment. The judgment also awarded costs, and was designated as a final judgment. On December 6, 2021, the defendants filed a joint motion for devolutive appeal.

## ASSIGNMENTS OF ERROR

The defendants contend the trial court erred as follows:

1. In designating the partial judgment as final and appealable under La. C.C.P. art. 1915(B)(1);

2. In granting a partial summary judgment in favor of the Trust, because there remains a genuine issue of material fact concerning the Trust's imputation of payments and the amount due under the Loan Agreements;

3. In awarding pre-judgment interest against the Days; and

4. In awarding costs.

## JURISDICTION

Although the trial court designated the October 14, 2021 partial summary judgment as final pursuant to the provisions of La. C.C.P. art. 1915, that designation is not determinative of this court's jurisdiction. *Van ex rel. White v. Davis*, 2000-0206 (La. App. 1 Cir. 2/16/01), 808 So. 2d 478, 480. Rather, jurisdiction hinges on whether the designation was proper. *4 C's Land Corporation v. Columbia Gulf Transmission Company*, 2021-0121 (La. App. 1 Cir. 10/21/21), 332 So. 3d 123, 126, writ denied, 2021-01735 (La. 1/19/22), 331 So. 3d 322.

When an order designating a judgment as final for appeal purposes is

---

[3] On September 22, 2022, the record on appeal was supplemented to indicate that the Honorable Timothy E. Kelley presided over the hearing on the motion for partial summary judgment.

accompanied by explicit reasons, the reviewing court must determine whether the trial court abused its discretion in certifying the judgment. *R.J. Messinger, Inc. v. Rosenblum*, 2004-1664 (La. 3/2/05), 894 So. 2d 1113, 1122. In determining whether a judgment is properly designated as final for purposes of an immediate appeal, a court must always keep in mind the historic policies against piecemeal appeals. *Hernandez v. Excel Contractors, Inc.*, 2018-1091 (La. App. 1 Cir. 3/13/19), 275 So. 3d 278, 285-86. As set forth in *R.J. Messinger, Inc.*, the following factors should be considered in determining whether the trial court's certification of a partial judgment was appropriate: (1) the relationship between the adjudicated and non-adjudicated claims; (2) the likelihood that review could be mooted pending future developments in the trial court; (3) the likelihood that the reviewing court might be required to consider the same issue a second time; and (4) miscellaneous factors including delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and other similar factors. *R.J. Messinger, Inc.* at 1122.

Here, the trial court designated the judgment as final "for purposes of foreclosure on the Property subject to the Mortgages" for the following reasons:

(i)     This judgment grants a monetary judgment on the obligations secured by the mortgages described in this judgment;

(ii)    This judgment recognizes the validity of the mortgages securing the obligations described in this judgment;

(iii)   The MAH 2012 Family Trust No. 1 has proven to this Court that the obligations secured by the mortgages have been in default and unpaid for many months; and

(iv)    There is no just reason for delaying seizure, sale, and foreclosure on the mortgages securing these obligations.

After considering the record before us in light of the factors set forth in *R.J. Messinger, Inc.*, we conclude the trial court abused its discretion in designating the partial summary judgment as final and immediately appealable. The October 14,

2021 judgment specifically reserved all of the Trust's "rights asserted in its petition and not dealt with in [the October 14, 2021 judgment]," including "all other relief as is appropriate." Based upon the reservation contained in the judgment, we are unable to ascertain the non-adjudicated relief the Trust may seek, and are therefore unable to determine the relationship between the adjudicated and non-adjudicated claims, the likelihood that review could be mooted pending future developments in the trial court, and the likelihood that this court might be required to consider the same issue a second time.[4] The defendants herein oppose the designation of the judgment as final and appealable, and can seek appellate review of the remaining issues presented in this appeal in connection with an appeal from a final judgment.[5]

## CONCLUSION

For the foregoing reasons, we dismiss the instant appeal, and remand for further proceedings. The assessment of appeal costs is delayed until a final disposition of this matter.

**APPEAL DISMISSED.**

---

[4] We note that the Trust relies upon its prayer for "all other relief as is appropriate" to support the trial court's assessment of costs against the defendants.

[5] Although this court has discretion to convert an appeal to an application for supervisory writs, it may only do so if the appeal would have been timely had it been filed as a supervisory writ application. *Lea v. Lea*, 2021-1293 (La. App. 1 Cir. 4/28/22), 342 So. 3d 352, 354. A party intending to apply to this court for a supervisory writ shall give notice of such intention by requesting a return date to be set by the trial court, which shall not exceed thirty days from the date of the notice of judgment. See Uniform Rules–Courts of Appeal, Rules 4-2 and 4-3. Notice of the October 14, 2021 judgment was mailed on October 18, 2021. Defendants' motion for appeal was not filed until December 3, 2021. Accordingly, because the appeal was not filed within thirty days of the notice of judgment, this appeal cannot be converted to a writ application, and we cannot consider this appeal under this court's supervisory jurisdiction. See *Lea*, 342 So. 3d at 354.